**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00045-REB-CBS

NUCLEAR CARDIOLOGY SYSTEMS, INC., a Colorado corporation,

    Plaintiff,

v.

VIVEK MANGLA, M.D., an individual,

    Defendant.

**ORDER DENYING MOTION TO DISMISS
COMPLAINT PURSUANT TO FRCP 12(b)(2) AND (3)**

**Blackburn, J.**

The matter before me is defendant's **Motion To Dismiss Complaint Pursuant to FRCP 12(b)(2) and (3)** [#11], filed February 18, 2010. I deny the motion.

### I. JURISDICTION

I putatively have subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Defendant moves to dismiss plaintiff's claims against him on the ground that he does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over him in this forum. Alternatively, he claims that venue is improper in this district. "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum," although "when there is a

sound prudential justification for doing so . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 464 (1979).

The assumption of personal jurisdiction over a non-resident defendant in a case based on diversity of citizenship involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm statute. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1056-07(10th Cir. 1995); *Dart International, Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541, 543 (D. Colo. 1995). Second, the exercise of jurisdiction must comport with due process. *Wenz*, 55 F.3d at 1507; *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287 (D. Colo. 1992). Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct.

2

1868, 1872, 80 L.Ed.2d 404 (1984); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Kuenzle*, 102 F.3d at 455. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation. *Helicopteros Nacionales de Columbia*, 104 S.Ct. at 1872; *Trierweiler*, 90 F.3d at 1533.

Second, if sufficient minimum contacts exist, I then must determine whether the exercise of personal jurisdiction over the non-resident defendant "would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 105 S.Ct. at 2184. Stated differently, I must determine whether assuming personal jurisdiction over the defendant is "'reasonable' in light of the circumstances surrounding the case." *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Factors relevant to that analysis include

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279-80 (10th Cir. 2005)). "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* (quoting *Pro Axess*, 428 F.3d at 1280).

3

I have discretion to resolve the motion on affidavits and other written material. ***Behagen v. Amateur Basketball Association***, 744 F.2d 731, 733 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 1879 (1985). Plaintiff has the burden to establish a *prima facie* case of personal jurisdiction. *Id*. I must accept the well-pleaded allegations of the complaint as true. **Wenz**, 55 F.3d at 1505; **Behagen**, 744 F.2d at 733. However, plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." ***Pytlik v. Professional Resources, Ltd.,*** 887 F.2d 1371, 1376 (10th Cir. 1989).

Regarding defendant's alternative motion to dismiss for lack of improper venue, the federal venue statute provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The question for purposes of this section is not to determine the "best" venue, ***Bates v. C & S Adjusters, Inc.***, 980 F.2d 865, 867 (2nd Cir. 1992), but only whether "significant events or omissions material to the plaintiff's claim . . . occurred in the district in question, even if other material events occurred elsewhere," ***Gulf Insurance Co. v. Glasbrenner***, 417 F.3d 353, 357 (2nd Cir. 2005). Where venue

4

in the filing district is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to a district in which venue properly lies. 28 U.S.C. § 1406(a). The decision to either dismiss or transfer the case is committed to my sound discretion. **Keaveney v. Larimer**, 2000 WL 1853994 at *1 (10th Cir. Dec. 19, 2000); *see also Trierweiler*, 90 F.3d at 1544 (not a clear abuse of discretion for the district court to deny a transfer when "a plaintiff either realized or should have realized that the forum in which he or she filed was improper").

### III. ANALYSIS

Plaintiff is in the business of leasing, selling, installing, and servicing nuclear medical cardiology imaging equipment used in the diagnosis of various types of heart disease. Defendant is a cardiologist who practices medicine in Lufkin, Texas. On May 10, 2006, defendant contacted plaintiff at its Boulder, Colorado, offices and requested information regarding plaintiff's equipment and licensing related to its use. Negotiations for lease and/or purchase of the equipment took nearly three years and involved both defendant himself and his office manager, Fonda Cooper.

In March, 2009, Cooper signed a Confidential Quote/Purchase Agreement "for Vivek Mangla" agreeing to lease certain equipment from plaintiff. (Complaint, Exh. 1 [#1], filed January 8, 2010.) Although plaintiff subsequently provided defendant with information on obtaining appropriately licensing and contacted him regarding installation of the equipment, defendant did not complete the steps necessary to obtain a license and refused to schedule installation, ultimately renting similar equipment from another dealer. Plaintiff then filed the instant action alleging claims for breach of contract,

5

promissory estoppel, and breach of the duty of good faith and fair dealing.

Defendant now moves to dismiss, claiming that personal jurisdiction over him in Colorado is unavailable because he does not have sufficient minimum contacts with this forum. Plaintiff does not argue that defendant has the type of continuous and systematic contacts with Colorado that would authorize the assumption of general jurisdiction over defendant in this state. *See Helicopteros Nacionales de Colombia S.A.*, 104 S.Ct. at 1873. Rather, it maintains that the assumption of specific jurisdiction is appropriate given the nature of defendant's contacts with the state related to formation and execution of the contract that is the subject of the lawsuit. I agree, and, therefore, conclude that defendant's motion must be denied.

A federal court may assume specific jurisdiction over a non-resident defendant who "'purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 625 (10th Cir. 1988) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id*. (quoting *Burger King Corp.*, 105 S.Ct. at 2183) (internal citations and quotation marks omitted). The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Merely entering into a contract with a Colorado resident is insufficient in itself to confer specific jurisdiction in this forum. *See SGI Air Holdings II LLC v. Novartis International*, 192 F.Supp.2d 1195, 1202 (D. Colo. 2002). "In a contract case, relevant factors for assessing minimum contacts include prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 1826 (2005) (citation and internal quotation marks omitted). Considering these factors, I find the totality of the circumstances confers specific jurisdiction over defendant in this case.

Defendant's contacts with plaintiff in this forum contemplating the lease and/or sale of plaintiff's nuclear imaging equipment are set forth in detail in the affidavit of plaintiff's president, Charles H. Rose, appended to plaintiff's response to the motion to dismiss, and are not contradicted by defendant. They show that defendant himself contacted plaintiff in Colorado to inquire about plaintiff's products and that he personally told plaintiff in June, 2006, that he intended to move forward with acquiring the equipment. (*See* Plf. Resp. App., Rose Aff. ¶¶ 6-7 at 2 [#14-1], filed March 15, 2010.) In October, 2008, plaintiff received an email from Cooper stating that "I am with Dr. Vivek Mangla's office" and requesting further information. (*Id.* ¶ 10 at 2.) Cooper subsequently notified plaintiff that she had received the information and that she would speak to defendant about it within the next few days. Four days later, defendant himself participated in a conference call with plaintiff's CEO, and in January, 2009, defendant asserted his intention to order the equipment. (*Id.* ¶¶ 11-13 at 3.) Even after the lease

agreement was signed, defendant continued to communicate personally with plaintiff regarding the equipment and licensing. (*Id.* ¶¶ 17-19 at 3-4.)

In light of defendant's personal involvement in the negotiations leading up to the signing of the purchase agreement, and his continued discussions with plaintiff regarding the subject matter of the contract thereafter, his contention that Cooper did not have apparent authority to enter into the contract on his behalf rings hollow. Of course, Cooper's own representations that she had authority to act on defendant's behalf would not be sufficient in themselves to establish her apparent authority to bind him by her signature to the contract. ***Berryhill v. Ellett***, 64 F.2d 253, 256 (10th Cir. 1933). Nevertheless, the principal still may be estopped from denying the agent's authority if the circumstances indicate that the principal knew of and acquiesced in the agent's statements or conduct. *See id.*; *see also* ***City of Pueblo v. Grand Carniolian Slovenian Catholic Union of United States of America***, 358 P.2d 13, 19-20 (Colo. 1960); ***Moore v. Switzer***, 239 P. 874, 875 (Colo. 1925); ***Rush Creek Solutions, Inc. v. Ute Mountain Ute Tribe***, 107 P.3d 402, 407-08 (Colo. App. 2004). Given the prior negotiations between the parties, Cooper's involvement therein, and defendant's own representations throughout regarding his intent to order equipment from plaintiff, I find and conclude that Cooper had apparent authority to sign the contract on defendant's behalf, and that defendant consequently is bound thereby.

Because the contract contains a forum selection clause acquiescing to jurisdiction in the courts of this state (*see* Complaint, Exh. 1 ¶ 15 at 8 [#1-1], filed January 8, 2010), I need inquire no further into defendant's minimum contacts with

Colorado.[1]  *See Electronic Realty Associates, L.P. v. Vaughan Real Estate, Inc.*, 897 F.Supp. 521, 523 (D. Kan. 1995).  Although defendant argues vaguely that trial in Colorado will be burdensome for him, he has failed to present any actually evidence to substantiate those arguments.  He therefore has failed to "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  *ABC Mobile Systems, Inc. v. Harvey*, 701 P.2d 137, 139 (Colo. App. 1985).

Further, and relatedly, I find that it would not contravene traditional notions of fair play and substantial justice to subject defendant to personal jurisdiction in Colorado. *Burger King Corp.*, 105 S.Ct. at 2184.  Although litigating in Colorado arguably may be more burdensome for defendant than would be litigation in his home forum, there is nothing to suggest that any such burden is more than marginal.  *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008) (noting that "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity") (citation and internal quotation marks omitted).  The contract also contains a choice of law

---

[1] Nevertheless, the other circumstances of this case indicate that the exercise of specific jurisdiction over defendant in this forum is appropriate.  Defendant appears to have initiated contact with plaintiff regarding its products.  *Waterval v. District Court in and for El Paso County*, 620 P.2d 5, 10 (Colo. 1980) (noting that "petitioner's contact with the forum state thrust upon him against his will"). (Although defendant notes in his reply brief that plaintiff solicits business outside Colorado and implies that it did so in this case, he provides no concrete evidence in support of this contention, and the email he quotes is not addressed to anyone in particular and is dated nearly three years after plaintiff and defendant first began negotiations.)  Negotiations for the contract took place via communications to and from this forum over a period of nearly three years.  *See Custom Vinyl Compounding, Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287-88 (D. Colo. 2005).  Plaintiff drafted the necessary licensing documents and prepared the equipment contemplated by the contract in Colorado, which caused important economic consequences to it in this state.  *Waterval*, 620 P.2d at 10.  These considerations further buttress my conclusion that defendant purposefully availed himself of the benefits of this forum in entering into the contract and could have reasonably anticipated being haled into court in this state.

provision providing for the application of Colorado law, which heightens this forum's interest in resolving the dispute, as does the fact that plaintiff is a Colorado resident. ***Id.*** at 1062. None of the other considerations relevant to the inquiry clearly indicate that it would be unreasonable to assume personal jurisdiction over defendant in this forum. ***See Trujillo***, 465 F.3d at 1221; ***see also OMI Holdings, Inc.***, 149 F.3d at 1091.

Alternatively, defendant alleges that venue is improper in this district. **FED.R.CIV.P.** 12(b)(3). The existence of personal jurisdiction does not automatically make venue in the plaintiff's chosen forum appropriate. ***See Cottman Transmission Systems, Inc. v. Martino***, 36 F.3d 291, 294 (3rd Cir. 1994) ("The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim[.]'") (citation omitted). Nevertheless, I decline to consider "whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim," ***Wempe v. Sunrise Medical HHG, Inc.***, 61 F.Supp.2d 1165, 1173 (D. Kan. 1999) (citations and internal quotation marks omitted), because defendant has failed utterly to develop this argument. His bare, conclusory assertion that none of the three bases for supporting venue under section 1391(a) is met is insufficient to warrant further review of the issue. ***See Potter ex rel. Potter v. Bowman***, 2006 WL 3760267, *3 (D. Colo. Dec.18, 2006) (Blackburn, J.) (citing ***Gross v. Burggraf Construction Co.***, 53 F.3d 1531, 1547 (10th Cir. 1995)).

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Dismiss Complaint Pursuant to FRCP 12(b)(2) and (3)** [#11], filed February 18, 2010, is **DENIED**.

Dated May 24, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge